IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40384
Conference Calendar
_____

RONNIE SULLIVAN,

Plaintiff-Appellant,

versus

DAVID COLE, Captain, TDCJ-ID, Beto I; MITCHELL
L. JOHNSON, Lt., TDCJ-ID, Beto I; SHANNON DACUS,
Officer L-03, TDCJ-ID, Beto I,

Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:96-CV-155
- - - - - - - - - - -
August 20, 1996
Before KING, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Ronnie Sullivan, #630453, appeals the district court's
dismissal, with prejudice, of his 42 U.S.C. § 1983 civil rights
complaint.  The district court correctly held that Sullivan did
not have a due process liberty interest in being upgraded from
administrative-segregation status to a less restrictive custody
status.  See Sandin v. Conner, 115 S. Ct. 2293 (1995); Pichardo
v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996).  Sullivan's claim,
raised for the first time in response to the magistrate judge's

---

[*]    Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

report, that the defendants improperly deprived him of personal items failed to state a cognizable constitutional claim. <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984); <u>Myers v. Adams</u>, 728 S.W.2d 771, 772 (Tex. 1987). Sullivan's Eighth Amendment claim was supported by no factual allegations and was therefore frivolous. <u>See</u> <u>Wesson v. Oglesby</u>, 910 F.2d 278, 281 (5th Cir. 1990).

AFFIRMED.